# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**YAISHA HODGES,**

    **Plaintiff,**

    v.                                       Case No. 2:19-cv-1741
                                              Chief Judge Edmund A. Sargus, Jr.
                                              Magistrate Judge Chelsey M. Vascura

**FREDDIE RUFUS,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Yaisha Hodges, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint is difficult to decipher. As best as the undersigned can discern, Plaintiff alleges that Defendant, Freddie Rufus ("Rufus"), kidnapped her son from a youth detention center in 2017 in violation of a protective order that was issued against Rufus. According to Plaintiff, a nonparty sent her a picture of her son in September 2018, which she believes shows that her son has lost at least 70 pounds since she last saw him. Plaintiff also alleges Rufus is harassing her through cyber stalking. Finally, she references charges of domestic violence she filed against Rufus and appears to represent that these charges are now

3

missing. Plaintiff asserts that Rufus's actions violate federal hate crime and kidnapping statutes and violate her constitutional rights. Plaintiff seeks monetary and injunctive relief.

The Court notes that Plaintiff is no stranger to filing cases and that the undersigned's search of PACER revealed more than ten cases filed in various district courts in the last few years. Nearly all of these cases have been dismissed for lack of subject-matter jurisdiction or for failure to state a claim. In one such case, *Hodges v. Rufus*, No. 3:17-cv-859 (E.D. Va.), which was dismissed for lack of subject-matter jurisdiction, Plaintiff also named Rufus as a defendant and challenged a state-court judge's decision to terminate her custodial rights over her son and place him in the custody of his father.

### III.

The undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted such that dismissal under § 1915(e)(2) is proper.

In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff's § 1983 claims against Rufus fail because Plaintiff has failed to plausibly plead any allegations upon which this Court could rely to conclude that Rufus was acting under the color of state law.

Moreover, though Plaintiff correctly points out that federal law covers hate crimes and kidnapping under certain circumstances, federal criminal statutes generally do not create constitutional rights cognizable under § 1983. *See Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009) (holding that violation of statute providing for criminal penalties did not "give rise to a claim for damages under 42 U.S.C. § 1983 because it does not contain explicit

4

rights-creating language") (internal quotation marks and citation omitted); *Wood v. Kelly*, 720 F. App'x 532, 535-36 (11th Cir. 2017) (holding that criminal statutes did not create individual rights enforceable through § 1983). And the particular statutes upon which Plaintiff relies, 18 U.S.C. §§ 249 and 1201, do not contain such rights-creating language. *See, e.g., Everage v. Central Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting cases holding that the Hate Crimes Prevention Act, 18 U.S.C. § 249, "does not authorize a private right of action"); *Nawrocki v. Bi-State Dev.*, No. 4:18-cv-1034, 2018 WL 4562908, at 5 (E.D. Miss. Sept. 24, 2018) (same); *Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) ("[C]laims under 18 U.S.C. § . . . 1201 (kidnaping) . . . are criminal statutes and provide no cause of action to civil plaintiffs.").

Moreover, neither Plaintiff nor this Court have the authority to institute criminal prosecutions. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizen has no authority to institute criminal prosecution); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *see also Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

For these reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to § 1915(e)(2).

### IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE